OPINION OF THE COURT
Joseph M. O’Donnell, J.
In this summary proceeding, petitioner is a partnership which owns an apartment complex. Respondents are tenants pursuant to a written lease. Landlord’s rental agent testified that there was a balance due of $192.65 on February rent, and that no rent had been paid for March, 1979. Counsel testified to the legal services rendered, and to be rendered. Respondent testified to a failure to provide heat at times and too much heat at other times, a problem with hot water, again, none, or too much, a leaking back door, no cover on bedroom air conditioner sleeve, latches missing on bedroom window resulting in leaks, exposed wiring in the living room, cracked plaster, and an inoperative shower.
Respondents testified that they could not reside in the premises 16 to 18 days in February, and 4 days in March. Respondents’ witness testified to frequently visiting premises during February, at which time respondents were in, and were without heat.
Petitioner’s burner serviceman verified that there were many times in February when he made calls to premises in response to complaints of no heat. Petitioner’s new building superintendent testified to replacing zone valves after being employed in March.
Based upon the cumulative effect of the leak in the back door, no cover to the air conditioner sleeve, leaking window caused by missing latches, exposed wiring in the living room, and the inoperative shower, a stay was issued pursuant to section 755 of the Real Property Actions and Proceedings Law. The items were repaired, and the stay vacated on April 10, 1979. Respondents have put into issue the late charges and *627 the attorneys’ fees as unreasonable and unconscionable (Real Property Law, § 235-c), defective verification of petition (Real Property Actions and Proceedings Law, § 721; CPLR 3020, subd [d]) and breach of warranty of habitability (Real Property Law, § 235-b).
THE PETITION
The petitioner is a partnership with offices and partners in Nassau County. The attorney for the petitioner maintains his office in Suffolk County. The petition is jurisdictionally sufficient in compliance with section 721 of the Real Property Actions and Proceedings Law and CPLR 3020 (subd [d]).
THE WARRANTY OF HABITABILITY
The landlord is not a guarantor of every amenity customarily rendered in the landlord/tenant relationship. A landlord is not required to ensure that the premises are in perfect or even aesthetically pleasing condition. The landlord does warrant that there are no conditions that materially affect the health and safety of the tenants (Real Property Law, § 235-b). No one will dispute that health and safety are adversely affected by insect or rodent infestation, insufficient heat and plumbing facilities, significantly dangerous electrical outlets or wiring, inadequate sanitation facilities or similar services which constitute the essence of the modern dwelling unit. If in the eyes of a reasonable person defects in the dwelling deprive the tenant of those essential functions which a residence is expected to provide, a breach of the implied warranty of habitability has occurred. (Park West Mgt. Corp. v Mitchell, 47 NY2d 316.)
Under the facts presented here, respondents proved that petitioner breached its implied warranty of habitability. It has been previously determined that the absence of heat and hot water constitute a breach of warranty of habitability. The lease of premises is recognized as a contract to provide habitable shelter. If a landlord at considerable expense did all that might reasonably be done to respond to conditions that developed from events truly beyond his control, a fair and realistic consideration must be given to the interests of the parties. Even if the court were to accept a force majeure excuse of performance, that does not permit the party excused from performance to receive compensation for that which he was *628 unable to do. The situation testified to with respect to the hot water is Orwellian. A shower that suddenly turns to steam, or ice water, without warning, can traumatize the tenant and although the inhabitants of Plymouth Plantation in the year 1620 might have rejoiced in such inconvenience as compared to their usual lot, nonetheless it does not fit a description of a modern dwelling unit.
DAMAGES
The severity of the violations and the duration of the conditions, as well as the effectiveness of steps taken by the landlord to abate the conditions, have been weighed. The tenant has testified not only to factual observations but also as to the impact of the conditions described upon the tenant’s daily living. The facts support a setoff in this summary nonpayment proceeding.
LEGAL FEES FOR LANDLORD’S COUNSEL
ATTORNEYS’ FEES
The facts presently before this court present an issue of first impression in this jurisdiction with regards to attorneys’ fees. The lease in this action provides for attorneys’ fees for the landlord in the event an action is initiated ($100) or in the event the action proceeds to judgment ($250). Section 234 of the Real Property Law provides the tenant with an identical right. Since this action will result in only a partial judgment of rent due and owing to the landlord, there is a question of which party is entitled to attorneys’ fees.
The Legislature has not adopted the Uniform Residential Landlord and Tenant Law, but has deferred it for future study. While cases arising under section 235-b of the Real Property Law have allowed tenants the remedies of rent abatement or counterclaim for damages when raised within the context of a landlord’s nonpayment proceeding, the tenant’s right to bring affirmative action under the present state of New York is dubious. The only course left open to the tenant is nonpayment, thereby precipitating a summary proceeding or an action for rent.
In this case the expense of counsel was incurred because of the issue of the landlord’s breach of the warranty of habitability. The litigation was in the nature of a summary proceeding, a possessory action, wherein the awarding of a judgment for *629 rent or attorneys’ fees would be incidential to the award of a judgment of possession.
Given our present procedural structure, or lack of it, to enforce section 235-b of the Real Property Law, the tenant must precipitate an action by the landlord to enforce a right the Legislature has given the tenant. The court will not grant possession to the landlord where, as in this case, the tenant has successfully defended the action by the defense of the breach of warranty of habitability.
The landlord does not forfeit the right to an award of rent. The tenant is entitled to an abatement, but the burden is not placed upon the tenant to precisely read the court’s mind as to the amount of any abatement. The tenant withheld the rent. If the court abates less than the whole amount, it does not mean that the tenant has been unsuccessful. The court therefore holds that the tenant, not the landlord, is entitled to attorneys’ fees.
Based upon the above and the testimony, the tenant is entitled to an abatement in the amount of 50% for February and 10% for March and may deduct same from the rent due the landlord. The landlord is entitled to his rent, less the abatement.
Tenant is entitled under section 234 of the Real Property Law to attorneys’ fees reasonably established by the court’s own observation of the services rendered during trial in the amount of $250.