OPINION OF THE COURT
Diane A. Lebedeff, J.
This nonpayment proceeding involves a tenant’s claim for an abatement of rent because of a failure to provide heat and hot water. Additionally, the pro se respondent, an attorney, has requested counsel fees.
WARRANTY OF HABITABILITY
The claim for an abatement of rent is based upon the warranty of habitability as set forth in section 235-b of the Real Property Law. It is clear that failure to provide heat or hot water as required by law is a danger to life, health and safety and therefore that a warranty claim will lie.
The testimony established that the tenant resides in a building characterized as 15 years old with 21 stories and 275 units of a “luxury” nature located at 520 East 72nd Street, Manhattan. A witness presented on the tenant’s behalf testified that during January, February and March of 1980, there were 17 instances of no heat and 13 instances of no hot water. Such testimony, which was based upon specific records kept by the witness, a fellow tenant, was found credible by the court.
*58 The owner’s witnesses included the building’s resident manager and resident superintendent, both of whom generally denied that there were heat and hot water problems. However, their testimony established that a new control system for the heating plant was installed in January and a new valve was installed on the hot water system in February. Both admitted that there had been complaints about each service at the time of or shortly after each installation.
The tenant has requested an abatement of 50% for failure to provide heat and hot water, which is a degree of abatement generally utilized by the city’s Office of Rent Control when there is a failure to provide these essential services as required. The owner has presented no evidence which would lead to the establishment of a lesser appropriate abatement. (Cf. Leris Realty Corp. v Robbins, 95 Misc 2d 712, 714, for an instance in which an owner did present testimony on reduced rental value which was accepted by the court.)
The court finds, on this record, that the requested abatement is an appropriate guide. In adopting a formula utilized for controlled housing, it follows an approach utilized by the trial court and affirmed at every appellate level in Park West Mgt. Corp. v Mitchell (NYLJ, June 27, 1977, p 11, col 1 [affg Hon. Stanley H. Nason], affd 62 AD2d 291, affd 47 NY2d 316, cert den 444 US 992).
Based upon the foregoing, given a rental value of $410.15 monthly or roughly $13.67 per day and allocating the 50% general abatement into components of 20% for a lack of hot water and 30% for a lack of heat, an abatement is granted in the amount of $35.54 for the instances of no hot water and in the amount of $67.72 for the instances of no heat. Punative damages are not granted.
attorney’s fees
The respondent, an attorney who represented himself, has requested attorney’s fees pursuant to section 234 of the Real Property Law. The lease here does provide for such fees for the owner and thus, had the tenant been represented by an attorney, the court could clearly have awarded such fees.
*59 While the court has been presented with no New York case directly on point, there was a historical right of a pro se attorney to recover litigation expenses, which was explored in 1881 by Chief Judge Daly in Kopper v Willis (9 Daly 460). Tracing the history of costs and their treatment from the time of Edward I of England, the opinion notes that costs originally included attorney’s fees and quotes with approval the following (supra, p 468): “[T]he general rule established by the decision of the courts, which is stated as follows by Pulling in his work on Attorneys (p. 364, 3 Lond. ed.): ‘The allowance of costs being by way of indemnity, the expenses claimed must have been actually incurred. A litigant who dispenses with professional services or assistance is under ordinary circumstances only entitled to his costs actually out of pocket, and not generally to remuneration for his own services;’ but he states as an established exception to this rule *** the case of an attorney or solicitor acting in his own behalf(Emphasis added.) In that case, the court did allow the imposition of costs which could be imposed only if the litigation were represented by an attorney upon a holding that a pro se attorney satisfied that requirement.
Yet, despite the appropriateness of the above language to the issue of pro se attorneys and their fees, Kopper v Willis (supra) seemingly has not been urged in support of a claim for such fees. The opinion also offers a persuasive argument in favor of such an award (supra, p 469): “[A] party, being an attorney, gives the professional time, knowledge and experience *** which he would otherwise have to pay an attorney for rendering. It can make no difference to the defeated party, who is by law bound to pay the costs of the attorney of the prevailing party * * * whether that attorney is the prevailing party himself or another attorney employed by him. The plaintiff, like any other professional man, is paid for his time and services, and if he renders them in the management and trial of his own cause it may amount to as much pecuniary loss or damage to him as if he had paid another attorney for doing it.” This emphasis on “pecuniary loss or damage” was underscored in relation to pro se attorney’s fees by the Second Circuit Court of Appeals in Crooker v United States *60 Dept. of Treasury (634 F2d 48), as it declined to award them to a Federal prisoner who was not an attorney. The appropriate facts not being before it, it did not rule upon the issue but did indicate its view that the legislative intent might allow such an award to claimants who made a (p 49) “showing that prosecuting their lawsuits caused them to divert any of their time from income-producing activities].”
The Federal court did note that the right to authorized attorney’s fees to legal services organizations was not to be diluted by its opinion (supra, p 49, n 1). An exploration of such an award under New York law is contained in Atamanuk v Wong (82 Misc 2d 1059).
After reviewing the statute and the applicable case law, the court holds that a pro se attorney may be awarded attorney’s fees pursuant to section 234 of the Real Property Law. There is seemingly a strong policy in favor of granting such fees where a tenant has established a successful defense. (See, e.g., N. V. Madison, Inc. v Saurwein, NYLJ, June 10, 1980, p 6, col 1.) Moreover, the court is satisfied that the statutory requirement that such fees be “incurred” is broad enough a pecuniary loss or diversion of professional time by an attorney. (Compare 930 Fifth Corp. v King, 54 AD2d 636, affd 42 NY2d 886, with 379 Madison Ave. v Stuyvesant Co., 242 App Div 567, affd 268 NY 576, as to the use in relation to attorney’s fees of “incurred” and “reimbursed,” respectively.)
In this case, both the owner and the tenant have requested legal fees. In accord with N. V. Madison, Inc. v Saurwein (supra), a hearing was held in relation to the basis for the requested award. The tenant having interposed a successful defense, even though there will be a partial judgment for rent due and owing, the court will award attorney’s fees to the tenant, as was done in Concord Vil. Mgt. Co. v Rubin (101 Misc 2d 625, 629).
The tenant testified that he was associated with a firm and that there was a diversion of professional time to appear on this case for which he compensated his firm by working additional hours. A posttrial memorandum was submitted, and a witness prepared, either during firm hours or at times which would have been devoted to nonle *61 gal pursuits. The tenant stated that he lost no income because of such efforts and appearances.
The requested award was at the rate of $100 per hour, the rate at which his work was billed by the firm. The court rejects the use of a firm’s billing rate as the basis for an award of counsel fees for a lawyer acting pro se because that rate necessarily includes elements other than the value of the time of the litigating attorney.
Based upon its own observations and the papers and proceedings herein, the court awards attorney’s fees in the amount of $150. The court has considered the fact that a very short trial, of a type frequently termed an “abatement hearing”, was held on the first personal appearance of the respondent before the court and, in addition, has weighed delays occasioned by the respondent. The efforts devoted to obtain an award of attorney’s fees have been excluded from this award for the reasons set forth in National Commercial Bank & Trust Co. v Farina’s Market (95 Misc 2d 284), and as a matter of general policy.
The rent due shall be reduced by $253.26 and an appropriate judgment shall enter.