OPINION OF THE COURT
Sam Eisenberg, J.
This decision is made following a trial of the proceeding brought against the tenant for nonpayment of rent and of the tenant’s counterclaim for breach of the warranty of habitability. The tenant admits his indebtedness to the landlord in the amount of $1,403.10 for the months of August 1984 through December 1984 (the petition having been amended to include a claim for December’s rent) at the rate of $305.90 per month.
The court finds that there has been a breach of the warranty of habitability, and while no proof was adduced by the tenant as to the amount of the damages arising out of such breach, the court, under the authority of Real Property Law § 235-b, may find and fix the damages and does so in the amount of $280.62, being an abatement of 20% of the rent for the months covered by the suit. It is therefore determined that the tenant is indebted to the landlord for rent in the amount of $1,122.48 for the period covered by these proceedings.
The landlord asks for attorneys’ fees. The courts have heretofore held that a landlord is not entitled to attorneys’ fees despite the provision therefor in the lease where the tenant has been successful in asserting a counterclaim for breach of warranty of habitability. (Concord Vil. Mgt. Co. v Rubin, 101 Misc 2d 625; Century Apts. v Yalkowsky, 106 Misc 2d 762.) The rationale for *362 denying attorneys’ fees to the landlord in those cases is the fact that a tenant is frequently obliged to withhold his rent so that his claim for breach of the warranty of habitability may be brought before the court for determination. The essence of the rule, therefore, is that the tenant who has refused to pay his rent for a sound and justifiable reason should not be penalized further by an award of attorneys’ fees. It has been frequently argued that a tenant who succeeds in obtaining a recovery on a counterclaim for a breach of the warranty of habitability is the successful party and that accordingly no award of attorneys’ fees should be made to the unsuccessful landlord. But, it is difficult to find, in this case, that the landlord was truly an unsuccessful party. The court is convinced from the totality of the testimony that the rent was not withheld because of the condition of the premises but rather because the tenant, unfortunately, did not have the funds with which to pay his rent. It was the landlord who finally brought the matter to resolution by instituting these proceedings. This, therefore, does not appear to the court to be a case where the tenant rightfully withheld all of the rent because of the condition of the premises. He could have just as well protected his rights by paying or offering to pay a portion of the rent and withholding a portion. This is not a case of the tenant having to second guess the court as to the amount of award which might be made to him for abatement, for clearly he owed a substantial amount of rent to the landlord and had some duty to make payment for the use of the premises.
Accordingly, the court will make an award of attorneys’ fees to the landlord, and the sum of $200, as fixed by paragraph 31 (4) of the lease is determined to be reasonable.
Judgment is therefore granted to the landlord in the sum of $1,122.48 plus attorneys’ fees of $200 plus costs as fixed by the rules of this court and awarding possession of the premises to the landlord. Execution of the warrant of eviction is stayed for a period of seven days from the date of service of a copy of the judgment herein upon the tenant.