■ RICHARD E. GRAY et al., Appellants, v AMBROSE M. RICHARDSON, III, et al., Respondents. [675 NYS2d 57] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered September 23, 1997 in favor of defendants and against plaintiffs in the amount of $46,331.98, bringing up for review an order of the same court and Justice, entered on or about March 24, 1997, which granted defendants' motion for summary judgment dismissing the complaint and upon their counterclaim for indemnification, unanimously affirmed, with costs.

Defendants ceased to perform legal work for plaintiffs in mid-1991, other than minor collection matters not pertinent here, and plaintiffs have failed to show how the general corporate work defendants rendered is substantially related to the underlying derivative actions alleging acts of corporate waste and breach of fiduciary trust occurring subsequent to the cessation of that representation (see, Bank of Tokyo Trust Co. v Urban Food Malls, 229 AD2d 14, 31). Similarly, plaintiffs' vague and conclusory assertions that defendants must have acquired confidential information because they represented plaintiffs does not sufficiently set forth what information was acquired or allegedly improperly communicated to others (see, supra).

This action was commenced against Richardson because of his prior status as an agent of the corporate plaintiff, and, having prevailed, he is entitled to indemnification under Delaware's General Corporation Law (8 Del Code Annot § 145 [c]) and the corporation's by-laws. Since Richardson is a lawyer, he is entitled to pro se attorneys' fees under the statute, the purpose of which is advanced by allowing such recovery (see generally, Parker 72nd Assocs. v Isaacs, 109 Misc 2d 57, 59). Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.