■ Gary Sazer et al., Appellants, v Vera G. Marino, Respondent. [698 NYS2d 867] —In an action, inter alia, to recover damages for breach of warranty of habitability, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered August 24, 1998, as granted that branch of the defendant's motion pursuant to CPLR 3211 which was to dismiss stated portions of the first cause of action asserted in the complaint and struck all of the allegations in the first cause of action except those which relate to defects in the subject intake grill and flues, and water leaks.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the provisions thereof which struck all of the allegations in the first cause of action except those which relate to defects in the subject intake grill and flues, and water leaks, are deleted, and that branch of the defendant's motion which was to dismiss the first cause of action is denied in its entirety.

The Supreme Court properly held that the implied warranty of habitability protects against only conditions that materially affect the health and safety of tenants, or deficiencies that in the eyes of a reasonable person deprive a tenant of those reasonable functions that "a residence is expected to provide" (*Solow v Wellner,* 86 NY2d 582, 587, quoting *Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 328, *cert denied* 444 US 992). It cannot be said, as a matter of law, that the plaintiffs' allegations in the first cause of action of their complaint failed to meet that standard (*see, Concord Vil. Mgt. Co. v Rubin,* 101 Misc 2d 625, 627). Bracken, J. P., Krausman, Goldstein and Smith, JJ., concur.