OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner has been awarded a warrant of eviction and a default judgment against the respondent for $2,171.67. The *207 petitioner is now requesting a judgment of attorney’s fees for $750, although the petitioner was represented by the general partner of Main Street Building Partnership, Mr. Samuel I. Glass. The issue before the court is whether a general partnership can be awarded attorney’s fees when it is represented in a landlord-tenant matter by one of the general partners.
Provision 53 of the lease between petitioner and the respondent provides: “Tenant and landlord shall reimburse for all reasonable attorneys’ fees incurred in connection with actions to compel compliance by with any provision of this lease to recover damages resulting from non-compliance. Such amounts shall be deemed additional rent and shall be paid on demand.”
Because the lease clearly provides for attorney’s fees, the question that remains is whether an attorney representing himself is entitled to compensation. The United States Supreme Court has held that a pro se litigant who is not a lawyer is not entitled to attorney’s fees, but there is a sparse number of cases regarding whether a partnership may be awarded attorney’s fees when it is represented by a general partner who is a practicing attorney. (See, Kay v Ehrler, 499 US 432 [1991].)
Real Property Law § 234 states:
“Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys’ fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys’ fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease, and an agreement that such fees and expenses may be recovered as provided by law in [such] action commenced.”
Thus, under Real Property Law § 234, a successful party in a summary proceeding regarding residential property is entitled to recover attorney’s fees and expenses. The landlord in this case was awarded a default judgment against the tenant; thus he is a successful litigant.
*208 Although there is no binding case law directly on point, New York State courts have awarded attorney’s fees to lawyers who represent themselves in the past. The Appellate Division, First Department, ruled in Gray v Richardson (251 AD2d 268, 268 [1st Dept 1998]) that “a lawyer ... is entitled to pro se attorneys’ fees under the statute [8 Del Code Ann § 145 (c)], the purpose of which is advanced by allowing such recovery.” Although the Court was using a Delaware statute when making this decision, the idea of awarding attorney’s fees to a pro se attorney was accepted. Further, in Parker 72nd Assoc. v Isaacs (109 Misc 2d 57 [1980]), the petitioner, a lawyer representing himself, was awarded attorney’s fees under the idea that by investing his time in the proceeding, the petitioner lost time he could have spent on his clients. However, some federal courts have disapproved of a court awarding a pro se attorney, representing himself, attorney’s fees. As was stated in In re Texaco Inc. Shareholder Derivative Litig. (123 F Supp 2d 169, 173 [SD NY 2000]), “The statutes enabling fee-shifting are intended to permit aggrieved persons with meritorious claims to secure counsel where they might otherwise not have readily available access to professional legal representation.”
Despite the truth in these statements, the purpose behind awarding attorney’s fees is also to prevent a party from having to spend funds on bringing an action and to provide an incentive for a party not to renege on the agreement they had made. In the present case, Mr. Glass was representing a partnership to which he is also a partner. Thus, Mr. Glass is representing a separate entity to himself, and, although he has an interest in the outcome, he is not representing himself, and he should be entitled to receive attorney’s fees.
Mr. Glass is dedicating time he could spend working on other cases for which he would receive compensation and is losing revenue he could be making by working on other cases. He is not directly benefiting from this case, as he is one of a number of partners. Thus, by denying Mr. Glass compensation for his work on the case, the attorney is at a loss due to the tenant’s failure to abide by the terms of the lease.
Thus, for the above stated reasons, the request for attorney’s fees in the amount of $750 is granted.