■ BOARD OF MANAGERS OF FOUNDRY AT WASHINGTON PARK CONDOMINIUM, as Agent for All Unit Owners, Plaintiff, v FOUNDRY DEVELOPMENT CO., INC., et al., Defendants. (Action No. 1.) JOSEPH SUAREZ, as President of Paul & Joseph Management, Inc., Plaintiff, v FOUNDRY AT WASHINGTON PARK CONDOMINIUM ASSOCIATION et al., Defendants. (Action No. 2.) JOSEPH SUAREZ et al., Appellants, v ROY SPELLS et al., Defendants, and SMITH, BUSS & JACOBS, LLP, et al., Respondents. (Action No. 3.) [28 NYS3d 442]—

In three related actions, inter alia, to recover damages for breach of fiduciary duty, which were joined for discovery and trial, the plaintiffs in action No. 3 appeal from (1) an order of the Supreme Court, Orange County (Marx, J.), dated July 18, 2013, which granted the motion of Smith, Buss & Jacobs, LLP, a defendant in action No. 3, pursuant to CPLR 306-b and 3211 (a) (7) to dismiss the amended complaint in action No. 3 insofar as asserted against it, and denied their cross motion pursuant to CPLR 306-b to extend the time to serve the summons and amended complaint, or, in the alternative, for leave to amend the amended complaint, and (2) an order of the same court dated August 23, 2013, which granted the motion of Blustein, Shapiro, Rich & Barone, LLP, a defendant in action No. 3, pursuant to CPLR 306-b and 3211 (a) (7) to dismiss the amended complaint in action No. 3 insofar as asserted against it, and pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 to impose sanctions against the plaintiffs, and denied the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time to serve the summons and amended complaint, or, in the alternative, for leave to amend the amended complaint.

Ordered that the orders are affirmed, with one bill of costs.

CPLR 306-b requires that service of the summons and complaint "shall be made within one hundred twenty days after the commencement of the action," and "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b; *see PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d 970, 974 [2012]; *Burwell v Yonkers Gen. Hosp.*, 6 AD3d 478, 480 [2004]). Here, the plaintiffs failed to demonstrate good cause for their failure to timely serve the summons and amended complaint upon the defendant Smith, Buss & Jacobs, LLP (hereinafter SBJ), and the defendant Blustein, Shapiro, Rich & Barone, LLP (hereinafter BSRB) (*see Calloway v Wells*, 79 AD3d 786, 787 [2010]). Furthermore, the plaintiffs failed to show that an extension of time to effectuate service was warranted in the interest of justice (*see Khodeeva v Chi Chung Yip*, 84 AD3d 1030, 1031 [2011]). Additionally, contrary to the plaintiffs' contention, with respect to those branches of the motions of SBJ and BSRB which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them, accepting as true the facts alleged in the amended complaint and according them the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the amended complaint failed to state any viable cause of action against SBJ and BSRB.

Accordingly, the Supreme Court properly granted SBJ's motion pursuant to CPLR 306-b and 3211 (a) to dismiss the amended complaint insofar as asserted against it, and properly granted those branches of BSRB's motion which were pursuant to CPLR 306-b and 3211 (a) to dismiss the amended complaint insofar as asserted against it. For the same reason, the Supreme Court properly denied the plaintiffs' cross motions pursuant to CPLR 306-b to extend the time to serve the summons and amended complaint.

Further, the Supreme Court providently exercised its discretion in granting that branch of BSRB's motion which was to impose sanctions upon the plaintiffs, including the award of an attorney's fee (*see generally Greene v Doral Conference Ctr. Assoc.*, 18 AD3d 429, 430-431 [2005]). BSRB established that the plaintiff's conduct was frivolous within the meaning of the Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c).

The plaintiffs' remaining contention is without merit. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.