■ BOARD OF MANAGERS OF FOUNDRY AT WASHINGTON PARK CONDOMINIUM, as Agent for ALL UNIT OWNERS, Plaintiff, v FOUNDRY DEVELOPMENT CO., INC., et al., Defendants. (Action No. 1.) JOSEPH SUAREZ, as President of Paul & Joseph Management, Inc., Plaintiff, v FOUNDRY AT WASHINGTON PARK CONDOMINIUM ASSOCIATION et al., Defendants. (Action No. 2.) JOSEPH SUAREZ, Appellant, et al., Plaintiff, v ROY SPELLS et al., Defendants, and BLUSTEIN, SHAPIRO, RICH & BARONE, LLP, Respondent. (Action No. 3.) [38 NYS3d 60]—

In three related actions, inter alia, to recover damages for breach of fiduciary duty, which were joined for discovery and trial, Joseph Suarez, a plaintiff in action No. 3, appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Marx, J.), dated May 28, 2014, as granted the motion of Blustein, Shapiro, Rich & Barone, LLP, a defendant in action No. 3, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee in the sum of $29,540 and disbursements in the sum of $428.70.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a prior order dated August 23, 2013, the Supreme Court granted the motion of Blustein, Shapiro, Rich & Barone, LLP (hereinafter BSRB), a defendant in action No. 3, to dismiss that action insofar as asserted against it pursuant to CPLR 306-b and CPLR 3211 (a), and to impose sanctions pursuant to 22 NYCRR 130-1.1, including an award of an attorney's fee, for frivolous conduct (see Board of Mgrs. of Foundry at Wash. Park Condominium v Foundry Dev. Co., Inc., 40 Misc 3d 1234[A], 2013 NY Slip Op 51423[U] [Sup Ct, Orange County 2013], affd 137 AD3d 1181 [2016]). Thereafter, upon that order, BSRB moved for an award of an attorney's fee and disbursements, seeking to recover sums expended by it and by McDonough Law, LLP (hereinafter McDonough), the law firm hired by BSRB's malpractice insurance carrier to represent it in the action. In an order dated May 28, 2014, the Supreme Court granted BSRB's motion, and, inter alia, directed the appellant, Joseph Suarez, to pay an attorney's fee and disbursements in the total sum of $29,968.70. We affirm.

A court may award a party "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). "In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1 [a]). The decision whether to impose costs or sanctions against a party for frivolous conduct, and the amount of any such costs or sanctions, is generally entrusted to the court's sound discretion (see Strunk v New York State Bd. of Elections, 126 AD3d 779, 781 [2015]; Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728 [2013]).

Here, contrary to the appellant's contention, the award of an attorney's fee to BSRB for McDonough's services in preparation of BSRB's motion to dismiss was not improper, notwithstanding that McDonough's fee was actually paid by BSRB's malpractice insurance carrier, and without regard to the nature of the fee arrangement between BSRB and McDonough. While compensatory sanctions should correspond at least to some degree to the amount of damages, the aggrieved party is not always required to show " 'actual pecuniary loss' " (Mackler Prods., Inc. v Turtle Bay Apparel Corp., 153 F Supp 2d 504, 507 [SD NY 2001], quoting Manhattan Indus., Inc. v Sweater Bee by Banff, Ltd., 885 F2d 1, 5 [2d Cir 1989]).

Contrary to the appellant's further contention, the fact that BSRB was the client, not the counsel of record, in action No. 3, did not preclude the portion of the fee award which was for the work performed by its partner, Gardiner S. Barone, in assisting McDonough with preparation of the motion to dismiss the action. An attorney such as Mr. Barone, who represents himself, may recover fees for " 'the professional time, knowledge and experience . . . which he would otherwise have to pay an attorney for rendering' " (*Parker 72nd Assoc. v Isaacs*, 109 Misc 2d 57, 59 [1980], quoting *Kopper v Willis*, 9 Daly 460, 469 [1881]; *cf. Gray v Richardson*, 251 AD2d 268 [1998]).

Under the circumstances, the Supreme Court providently exercised its discretion in awarding BSRB an attorney's fee and disbursements in the total sum of $29,968.70.

The appellant's remaining contentions are either not properly before this Court, improperly raised for the first time on appeal, or without merit. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.

