## Matter of Law Off. of Cyrus Joubin, Esq. v New York City Dept. of Corr.

2024 NY Slip Op 32165(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 160110/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                      **PART**                          **56M**

                                                    *Justice*

-------------------------------------------------------------------------------X

In the Matter of

LAW OFFICE OF CYRUS JOUBIN, ESQ.,

                              Petitioner,

                    - v -

NEW YORK CITY DEPARTMENT OF CORRECTION,

                              Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160110/2023 |
| **MOTION DATE** | 07/12/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

In this CPLR article 78 proceeding, the petitioner seeks judicial review of the constructive denial of an administrative appeal which, in effect, affirmed a July 17, 2023 New York City Department of Correction (DOC) Records Access Officer's (RAO) decision that had denied the petitioner's request for agency records pursuant to the Freedom of Information Law (Public Officers Law § 84, *et seq*.; hereinafter FOIL). The DOC answers the petition, and opposes the relief sought by the petitioner. The petition is granted to the extent that, on or before August 27, 2024, the DOC shall produce records responsive to requests 1, 2, and 6, as set forth in the petitioner's July 12, 2023 FOIL request. The petition is otherwise denied, and the proceeding is otherwise dismissed.

In its initial request, the petitioner sought documents setting forth the DOC's citywide rules, procedures, and policies, as they were in effect on October 10, 2017, that articulated the responsibility of all DOC officers to protect inmates from assaults by other inmates in DOC custody and the duties of DOC employees to supervise and monitor DOC housing units to prevent violence by inmates against other inmates, as well as policies for conducting both

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**                      **Page 1 of 8**
**Motion No.  001**

1 of 8

[* 1]

investigations of inmate-on-inmate assaults and investigations of slip-and-fall accidents experienced by inmates in DOC custody. The petitioner also sought records setting forth DOC policies with respect to the creation and maintenance of such records, including photographs, to the extent applicable to inmate-on-inmate assaults and slip-and-fall accidents of inmates in DOC custody. The petitioner also sought any identical records concerning any such policies that were specific to the Brooklyn Detention Complex, 275 Atlantic Avenue, Brooklyn, New York. These requests constituted requests 1 and 2 in the petitioner's July 12, 2023 FOIL request.

In request 3, the petitioner requested "[a]ll documents and materials of whatever kind relating to the DOC's effort to prevent inmate-on-inmate assaults – in BKDC and Rikers Island – that existed on October 10, 2017." In requests 4 and 5, the petitioner did not request the production of documents, but rather asked for the identities of DOC officers and employees on duty at the Brooklyn Detention Complex on October 10, 2017. Request 6, however, requested records reflecting the identities of those officers and employees.

In a determination dated July 17, 2023, the DOC's RAO denied the July 12, 2023 FOIL request in its entirety. As to requests 1, 2, and 3, the RAO concluded that the records requested were not "reasonably described," as required by Public Officers Law § 89(3)(a). In addition, the RAO indicated that, pursuant to Public Officers Law § 87(2)(g)(iii), any policy "not currently in effect as final agency policy" would be withheld. With respect to items 4, 5, and 6, the RAO determined to withhold the requested information as exempt pursuant to Public Officers Law § 87(2)(b), which permits an agency to withhold records that, if produced, would constitute an unwarranted invasion of an individual's personal privacy.

On August 4, 2023, the petitioner administratively appealed the RAO's determination to the DOC's Records Access Appeals Office (RAAO), contending that requests 1 and 2 did, in fact, reasonably and sufficiently describe the records sought, and that no privacy interest of any DOC officer or employee would be adversely affected if the DOC responded to request 6. The RAAO did not render any determination on the appeal on or before August 14, 2023. The

**160110/2023 LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No. 001**

**Page 2 of 8**

petitioner, deeming RAAO's failure to issue a decision by that date to constitute a constructive denial of the administrative appeal, commenced this proceeding on October 16, 2023.

Pursuant to Public Officers Law § 89(4)(a), the DOC was obligated, "within ten business days" of the petitioner's August 4, 2023 submission of an appeal letter, to "fully explain in writing . . . the reasons for further denial, or provide access to the record sought." Inasmuch as the RAAO did not decide the administrative appeal within that period of time, the RAAO constructively denied the FOIL request (*see* Public Officers Law § 89[4][b]; 21 NYCRR 1401.7[f] ["A failure to determine an appeal within ten business days of its receipt by granting access to the records sought or fully explaining the reasons for further denial in writing shall constitute a denial of the appeal"]; *Matter of New York Times Co. v City of N.Y. Police Dept.*, 103 AD3d 405, 406 [1st Dept 2013]). Hence, the petitioner exhausted its administrative remedies, and this controversy is ripe for judicial review.

"While the Legislature established a general policy of disclosure by enacting the Freedom of Information Law, it nevertheless recognized a legitimate need on the part of government to keep some matters confidential" (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). When denying a FOIL request, a state or municipal agency must "state, in writing, the reason for the denial of access" (*Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 884 [2009]). If the requesting party administratively appeals the denial, the agency's appeals officer must also provide written reasoning for upholding the denial (*see id.*).

> "[O]n the issue of whether a particular document is exempt from disclosure under the Freedom of Information Law, the oft-stated standard of review in CPLR article 78 proceedings, i.e., that the agency's determination will not be set aside unless arbitrary or capricious or without rational basis, is not applicable"

(*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 94 [3rd Dept. 1985], *affd* 67 NY2d 562 [1986]; *see Matter of Prall v New York City Dept. of Corrections*, 129 AD3d 734 [2d Dept 2015]; *Matter of New York Comm. for Occupational Safety & Health v Bloomberg*, 72 AD3d 153 [1st Dept 2010]). Rather, upon judicial review of an agency's determination to

160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION
Motion No. 001

Page 3 of 8

3 of 8

deny a FOIL request, the court must assess whether "the requested material falls squarely within a FOIL exemption" and whether the agency, upon denying such access, "articulat[ed] a particularized and specific justification for denying access" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566).  In other words, the court may only review an agency's FOIL determination to ascertain whether the determination to invoke a particular statutory exemption was affected by an error of law (*see Matter of Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 246 & n 2 [2018], *affg* 140 AD3d 419, 420-421 [1st Dept 2016]; *Matter of Asian Am. Legal Defense & Educ. Fund v New York City Police Dept.*, 125 AD3d 531, 531 [1st Dept 2015]; CPLR 7803[3]).

The court agrees with the petitioner that requests 1 and 2 sufficiently and reasonably described the requested agency records and that, hence, the DOC must produce them. Records containing specific written, promulgated policies for the supervision of inmates, with specific reference to the prevention of inmate-on-inmate violence, and the investigation of such violence, as well as the investigation of trip-and-fall accidents, are "reasonably described," and do not require the DOC to produce each and every policy document governing *all of* the training, duties, obligations, and conduct of officers and employees.  The petitioner's requests in this regard are limited to policy documents that particularly address the manner in which DOC officers and employees are obligated to prevent, respond to, and investigate inmate-on-inmate violence, and to investigate slip-and-fall accidents (*see Matter of Partnership for the Homeless v New York City Dept. of Educ.*, 2019 NY Slip Op 33193[U], *15-16, 2019 NY Misc LEXIS 5813, *15 [Sup Ct, N.Y. County, Oct. 25, 2019] [granting so much of CPLR article 78 petition as challenged NYC Department of Education's denial of FOIL request seeking records articulating several policies, and concluding that Department "offered no evidence to establish that the descriptions provided are insufficient for purposes of extracting or retrieving the requested document from the virtual files"]).  To the extent that the petitioner seeks documents setting forth those policies that were in effect as of October 10, 2017, the DOC cannot be heard to assert

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No.  001**

**Page 4 of 8**

[* 4]

that it need only produce records containing those policies that are in effect as of the present date, as long as those policies were "final" as of October 10, 2017. The court agrees with the DOC, however, that request 3 does not reasonably describe specific records, as it seeks all records "relating to" the DOC's efforts to prevent inmate-on-inmate assaults under the broadest definition, rather than records articulating specific policies that governed the behavior of DOC officers and employees. Consequently, the branch of the petition seeking judicial review of the RAAO's constructive denial of request 3 must be denied.

FOIL does not "require any entity to prepare any record not possessed or maintained by such entity" (Public Officers Law § 89[3][a]; *see Matter of Locator Servs. Group, Ltd. v Suffolk County Comptroller*, 40 AD3d 760, 761 [2d Dept 2007]). Hence, FOIL does not obligate the DOC to respond to what are, in effect, interrogatories seeking the identities of officers and employees on duty on a particular date in a particular location. Inasmuch as requests 4 and 5 constitute a mere request for information, unrelated to any particular agency record, those branches of the petition seeking judicial review of the RAAO's constructive denial of requests 4 and 5 must be denied.

Request 6, however, does seek agency records reflecting the on-duty roster of DOC's officers and employees at the Brooklyn Detention Complex on October 10, 2017. Contrary to the DOC's contention, the production of documents reflecting which officers and employees were on duty at that place and time does not implicate or adversely affect those officers' and employees' privacy interests. This is not a case in which the identity of an undercover officer might be compromised (*see Matter of Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217 [2018]), or where the privacy interests of private citizens who witnessed a crime might be unduly and adversely affected (*see Matter of Friedman v Rice*, 30 NY3d 461 [2017]), and the DOC has not articulated an explanation as to why the production of a document that identifies those officers and employees who were on duty at the relevant place and during the relevant time would compromise their privacy. If such records, however, contain personal information such

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No.  001**

**Page 5 of 8**

[* 5]

as home address, telephone number, email address, social security number, or similar information, that information should be redacted before the production of the documents.

Pursuant to FOIL's fee-shifting provision, a court

"shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access"

(Public Officers Law § 89[4][c][ii]). Prior to 2006, the law required that, for attorneys' fees to be awarded, the documents involved must be of clearly significant interest to the general public. Pursuant to L 2006, ch 492, the Legislature amended FOIL to remove that statutory requirement.

"An award of an attorney's fee and costs pursuant to FOIL is particularly appropriate to promote the purpose of and policy behind FOIL. Specifically, in enacting FOIL, the legislature declared that 'government is the public's business' and expressly found that 'a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions"

(*Matter of South Shore Press, Inc. v Havemeyer*, 136 AD3d 929, 931 [2d Dept 2016]; *see New York Times Co. v City of N.Y. Off. of Mayor*, 194 AD3d 157, 166 [1st Dept 2021] ["The legislature's [2017] amendment to the fees provision, which made a fees award mandatory rather than 'precatory,' was intended to give more teeth to the public's right of access under FOIL."]). As explained by the Court of Appeals, "[o]nly after a court finds that the statutory prerequisites have been satisfied may it exercise its discretion to award or decline attorneys' fees" (*Beechwood Restorative Care Ctr. v. Signor,* 5 NY3d 435, 441 [2005]). Where, as here, "it was the initiation of this proceeding which brought about the release of the documents" (*Matter of Powhida v City of Albany*, 147 AD2d 236, 239 [3d Dept 1989]), the petitioner is deemed to have "substantially prevailed" (*see Matter of Madeiros v New York State Educ. Dept*., 30 NY3d 67, 79 [2018]).

Where a contract or statute provides for the award of attorneys' fees to a prevailing party, an attorney such as Cyrus Joubin, who represents either himself or his firm, may recover

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No.  001**

**Page 6 of 8**

6 of 8

fees for "'the professional time, knowledge and experience . . . which he would otherwise have to pay an attorney for rendering'" (*Board of Mgrs. of Foundry at Wash. Park Condominium v Foundry Dev. Co., Inc.*, 142 AD3d 1124, 1126 [2d Dept 2016], quoting *Parker 72nd Assoc. v Isaacs*, 109 Misc 2d 57, 59 [Civ Ct, N.Y. County 1980], quoting *Kopper v Willis*, 9 Daly 460, 469 [1881]; *cf. Gray v Richardson*, 251 AD2d 268, 268 [1st Dept 1998] [pro se attorney may recover attorney's fees since applicable Delaware statute permitted recovery of pro se attorney's fees]). Hence, the petitioner is entitled to an award of reasonable attorneys' fees incurred up to the time that the DOC ultimately produces the subject records. The court notes that, where an attorney is a party to the action, he may not submit an affirmation as a vehicle for providing the court with the facts underlying the dispute. CPLR 2106 does not afford attorneys who are parties to an action this privilege (*see John Harris P.C. v Krauss*, 87 AD3d 469, 469 [1st Dept 2011]). "[T]o make a competent, admissible affirmation," an attorney who is a party "must first appear before a notary or other such official and formally declare the truth of the contents of the document" (*Doumanis v Conzo*, 265 AD2d 296, 296 [2d Dept 1999]). Consequently, on or before September 6, 2024, Joubin, who is essentially the party petitioner here, shall submit an affidavit setting forth the specifics of the time that he expended in prosecuting this proceeding, after which the court shall determine the appropriate award of attorney's fees.

In light of the foregoing, it is,

ORDERED and ADJUDGED that the petition is granted to the extent that the respondent's constructive denial of the petitioner's administrative appeal of the respondent's July 17, 2023 determination that had denied items 1, 2, and 6, as set forth in the petitioner's July 12, 2023 request for agency records pursuant to the Freedom of Information Law, is vacated and annulled, and the petition is otherwise denied and the proceeding is otherwise dismissed; and it is further,

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No.  001**

Page 7 of 8

7 of 8

ORDERED that, on or before August 27, 2024, the DOC shall produce and provide to the petitioner records and documents responsive to items 1, 2, and 6, as set forth in the petitioner's July 12, 2023 request for agency records; and it is further,

ORDERED that the branch of the petition seeking an award of attorney's fees is granted; and it is further,

ORDERED that, on or before September 6, 2024, the petitioner shall submit an affidavit from Cyrus Joubin setting forth the specifics of the time that Cyrus Joubin expended in prosecuting this proceeding.

This constitutes the Decision, Order, and Judgment of the court.

**6/26/2024**
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160110/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. NEW YORK CITY DEPARTMENT OF CORRECTION**
**Motion No.  001**

Page 8 of 8