## Matter of Law Off. of Cyrus Joubin, Esq. v Manhattan Dist. Attorney's Off.

2024 NY Slip Op 33621(U)

October 10, 2024

Supreme Court, New York County

Docket Number: Index No. 158168/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JOHN J. KELLEY                                PART                              56M

                                                                    *Justice*

---------------------------------------------------------------------------------X

In the Matter of                                                      INDEX NO.            158168/2023

LAW OFFICE OF CYRUS JOUBIN, ESQ.,                                                            05/14/2024
                                                                    MOTION DATE          05/14/2024
                                Petitioner,
                                                                    MOTION SEQ. NO.      002, 003

                                - v -

MANHATTAN DISTRICT ATTORNEY'S OFFICE,                          **DECISION + ORDER ON
                                                                         MOTION**
                                Respondent.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21

were read on this motion to/for                    REARGUMENT/RECONSIDERATION              .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 25, 26, 27, 28

were read on this motion to/for                    REARGUMENT/RECONSIDERATION              .

        This is a CPLR article 78 proceeding, in which the petitioner sought judicial review of a

July 28, 2023 determination of the respondent's Records Access Appeal's Officer (RAAO).  That

determination had denied his administrative appeal of a July 7, 2023 decision of the

respondent's Records Access Officer (RAO), which had denied his request for agency records

pursuant to the Freedom of Information Law (Public Officers Law § 84, et seq.; hereinafter

FOIL).  In an order dated March 6, 2024, this court granted the petition to the extent that, on or

before April 10, 2024, the respondent was to provide the court, for in camera review, unredacted

copies of all records responsive to the petitioner's request (MOT SEQ 001).  The respondent

complied with that directive, and provided the court with an unredacted copy of the District

Attorney's data sheet that was responsive to the petitioner's FOIL request.  After an in camera

review of the respondent's submissions, the court, in a supplemental decision, order, and

judgment dated March 26, 2024, ultimately granted the petition only to the extent that, on or

before April 26, 2024, the respondent was to provide the petitioner with a copy of the relevant

**158168/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. MANHATTAN DISTRICT ATTORNEY'S          Page 1 of 4
OFFICE
Motion No.  002 003**

[* 1]

data sheet, which was referable to the arrest of Whitt Caldwell on October 21, 2021, but only after the redaction of the relevant civilian witness's name, gender, address, and telephone number, the arresting police officer's cellular telephone number, email address, and tax number, and the assisting police officer's tax number. The court otherwise denied the petition and dismissed the proceeding.

The petitioner now moves pursuant to CPLR 2221(d) for leave to reargue the petition (SEQ 002), and the respondent separately moves to reargue its opposition to the petition (SEQ 003). The court denies that branch of the petitioner's motion seeking leave to reargue the merits of the petition. That court grants that branch of the petitioner's motion seeking leave to reargue so much of the petition as sought an award of attorney's fees and, upon reargument, modifies the supplemental decision, order, and judgment dated March 26, 2024 by adding provisions thereto awarding the petitioner its reasonable attorney's fees, and directing the petitioner to submit an affirmation of attorneys' services on or before November 12, 2024. The court denies the respondent's cross motion for reargument.

That branch of the petitioner's motion seeking leave to reargue the merits of the petition, and the respondent's motion seeking leave to reargue its opposition to the petition must be denied, inasmuch as the court did not overlook or misapprehend any facts or relevant law that were presented to it in connection with the merits of the prior application (*see* CPLR 2221[d][2]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]; *see also Matter of Setters v AI Props. & Devs*. *(USA) Corp*., 139 AD3d 492, 4492 [1st Dept 2016]).

Nonetheless, the petitioner has established that the court overlooked that branch of the petition as sought an award of attorneys' fees. Pursuant to FOIL's fee-shifting provision, a court

> "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access"

**158168/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. MANHATTAN DISTRICT ATTORNEY'S OFFICE**              Page 2 of 4
**Motion No.  002 003**

2 of 4

(Public Officers Law § 89[4][c][ii]).  Prior to 2006, the law required that, for attorneys' fees to be awarded, the documents involved must be of clearly significant interest to the general public. Pursuant to L 2006, ch 492, the Legislature amended FOIL to remove that statutory requirement.

> "An award of an attorney's fee and costs pursuant to FOIL is particularly appropriate to promote the purpose of and policy behind FOIL.  Specifically, in enacting FOIL, the legislature declared that 'government is the public's business' and expressly found that 'a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions"

(*Matter of South Shore Press, Inc. v Havemeyer*, 136 AD3d 929, 931 [2d Dept 2016]; *see New York Times Co. v City of N.Y. Off. of Mayor*, 194 AD3d 157, 166 [1st Dept 2021] ["The legislature's [2017] amendment to the fees provision, which made a fees award mandatory rather than 'precatory,' was intended to give more teeth to the public's right of access under FOIL."]).  As explained by the Court of Appeals, "[o]nly after a court finds that the statutory prerequisites have been satisfied may it exercise its discretion to award or decline attorneys' fees" (*Beechwood Restorative Care Ctr. v. Signor,* 5 NY3d 435, 441 [2005]).  Where, as here, "it was the initiation of this proceeding which brought about the release of the documents" (*Matter of Powhida v City of Albany*, 147 AD2d 236, 239 [3d Dept 1989]), the petitioner is deemed to have "substantially prevailed" (*see Matter of Madeiros v New York State Educ. Dept*., 30 NY3d 67, 79 [2018]).

Where a contract or statute provides for the award of attorneys' fees to a prevailing party, an attorney such as Cyrus Joubin, who represents either himself or his firm, may recover fees for "'the professional time, knowledge and experience . . . which he would otherwise have to pay an attorney for rendering'" (*Board of Mgrs. of Foundry at Wash. Park Condominium v Foundry Dev. Co., Inc.*, 142 AD3d 1124, 1126 [2d Dept 2016], quoting *Parker 72nd Assoc. v Isaacs*, 109 Misc 2d 57, 59 [Civ Ct, N.Y. County 1980], quoting *Kopper v Willis*, 9 Daly 460, 469 [1881]; *cf. Gray v Richardson*, 251 AD2d 268, 268 [1st Dept 1998] [pro se attorney may recover

158168/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. MANHATTAN DISTRICT ATTORNEY'S OFFICE
Motion No.  002 003

Page 3 of 4

3 of 4

attorney's fees since applicable Delaware statute permitted recovery of pro se attorney's fees]).

Hence, the petitioner is entitled to an award of reasonable attorneys' fees.

Accordingly, it is,

ORDERED that the petitioner's motion is granted only to the extent that the branch of its motion seeking leave to reargue so much of the petition as sought an award of attorneys' fees is granted and, upon reargument, the supplemental decision, order, and judgment dated March 26, 2024 is modified by adding provisions thereto awarding the petitioner its reasonable attorney's fees, and directing the petitioner to submit an affirmation of attorneys' services on or before November 12, 2024, and the petitioner's motion for leave to reargue is otherwise denied (SEQ 002); and it is further,

ORDERED that the respondent's motion for leave to reargue its opposition to the petition is denied (SEQ 003).

This constitutes the Decision and Order of the court.

| 10/10/2024 | |
|---|---|
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| MOTION 002: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 003: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158168/2023   LAW OFFICE OF CYRUS JOUBIN, ESQ. vs. MANHATTAN DISTRICT ATTORNEY'S OFFICE**      Page 4 of 4
**Motion No.  002 003**