DEBRA WEISSMAN, Appellant, v RONALD WEISSMAN, Respondent. [889 NYS2d 851]—

The parties' stipulation of settlement was incorporated but not merged into the judgment of divorce; as such, it is an independent contract which may be challenged only by way of a plenary action (*see Reiter v Reiter,* 39 AD3d 616 [2007]; *Spataro v Spataro,* 268 AD2d 467 [2000]; *Dombrowski v Dombrowski,* 239 AD2d 460 [1997]). Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate the stipulation on that basis alone.

Those branches of the plaintiff's motion which were to direct the defendant to transfer the title to the marital residence to her and for permission to sell the residence, were unnecessary. The deed had already been provided to the plaintiff, and permission to sell is not required pursuant to the terms of the parties' stipulation of settlement.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.