In an action, inter alia, to set aside a prenuptial agreement, the defendant appeals, as limited by his brief, from so much of a *767 judgment of the Supreme Court, Nassau County (Bennett, J.), entered February 6, 2012, as, upon a decision of the same court (Falanga, J.), dated December 12, 2011, made after a nonjury trial, is in favor of the plaintiff and against him setting aside the prenuptial agreement.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
In general, New York has a “strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements” (Matter of Greiff, 92 NY2d 341, 344 [1998]; see Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]). “However, this right is not and has never been without limitation” (Kessler v Kessler, 33 AD3d 42, 45 [2006]). “[T]he State is deeply concerned with marriage and takes a supervisory role in matrimonial proceedings. . . . Indeed, in numerous contexts, agreements addressing matrimonial issues have been subjected to limitations and scrutiny beyond that afforded contracts in general” (id. at 46 [citation omitted]). Thus, while “there is a heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties” (Brassey v Brassey, 154 AD2d 293, 295 [1989]), an agreement between spouses or prospective spouses may be invalidated if the party challenging the agreement demonstrates that it was the product of fraud, duress, or other inequitable conduct (see Christian v Christian, 42 NY2d 63, 73 [1977]; Petracca v Petracca, 101 AD3d 695 [2012]; Weinstein v Weinstein, 36 AD3d 797, 798 [2007]; Lombardi v Lombardi, 235 AD2d 400 [1997]).
“In reviewing a trial court’s findings of fact following a nonjury trial, this Court’s authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, bearing in mind that due regard must be given to the decision of a trial judge who was in the position to assess the evidence and the credibility of witnesses” (D’Argenio v Ashland Bldg., LLC, 78 AD3d 758, 758 [2010]).
Here, the Supreme Court reasonably resolved credibility issues in favor of the plaintiff, and its determination that the defendant fraudulently induced the plaintiff to execute the prenuptial agreement was supported by the evidence. With respect to the material facts underlying the plaintiff’s claim, the Supreme Court found that the plaintiffs testimony was “credible,” “convincing,” “unequivocal,” and consistent with “additional corroborative evidence,” and that any “inconsistencies” in her testimony related to “insignificant” matters. By contrast, the Supreme Court found the defendant’s “credibility to be suspect,” due in part, to his “patent evasiveness.” The Supreme *768 Court’s credibility findings are supported by the record. The plaintiffs claim in this case rested largely on the credibility of the parties, and we decline to disturb the Supreme Court’s determination with respect thereto (see Reid v Reid, 57 AD3d 960 [2008]). On the particular facts of this case, the Supreme Court correctly determined that the plaintiff sustained her burden of establishing grounds to set aside the prenuptial agreement (cf. Petracca v Petracca, 101 AD3d at 695).
The defendant’s remaining contentions are without merit. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.