In an action, inter alia, to set aside a stipulation of settlement dated May 25, 2004, which was incorporated, but not merged, into a judgment of divorce dated November 28, 2005, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated March 31, 2011, as granted the motion of the defendants Ronald H. Weissman, Matthew Weissman, Seth Weissman, Estelle Fassler, Leon Fassler, Wendy Weissman, Robert Liss, Joel Bender, Timothy Brennan, and Joseph Miaño, and the separate motion of the defendants Margaretha Gravett and Willem Gravett, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against each of them, for an award of counsel fees pursuant to 22 NYCRR 130-1.1, and for a permanent injunction enjoining her from commencing any further actions or filing any motions against them related to the divorce without first obtaining leave of court, (2) from an order of the same court dated June 10, 2011, and (3) from an order of the same court dated September 1, 2011, which denied her letter application for leave to file a certain motion.
Ordered that the order dated March 31, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that the appeal from the order dated June 10, 2011, to the extent not previously dismissed by decision and order on motion of this Court dated August 3, 2011, is dismissed as abandoned; and it is further,
Ordered that the appeal from the order dated September 1, 2011, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice, and we decline to grant leave to appeal {see CPLR 5701 [a] [2]); and it is further,
Ordered that one bill of costs is awarded to the respondents.
On May 25, 2004, the plaintiff and her then-husband, the defendant Ronald H. Weissman (hereinafter the former husband), entered into a stipulation of settlement which was incorporated, but not merged, into a subsequent judgment of divorce. The stipulation contained an acknowledgment that it was the result of substantial discovery, and provided that the distribution of *887 marital property pursuant thereto was limited to those assets enumerated therein, and that other assets not mentioned in the stipulation would remain the parties’ separate property. In April 2005, by cross motion, the plaintiff sought to vacate the stipulation on grounds which included the former husband’s alleged fraud in concealing and undervaluing marital assets in partnerships and other business interests. The Supreme Court denied the plaintiff’s cross motion and granted the former husband a judgment of divorce.
The judgment of divorce was affirmed by this Court (see Weissman v Weissman, 42 AD3d 448 [2007]).
The plaintiff subsequently moved to vacate the stipulation on grounds which included fraud and concealment of assets. That motion was denied in an order of the Supreme Court, which was also affirmed by this Court (see Weissman v Weissman, 68 AD3d 981 [2009]). The plaintiff then commenced this action.
The Supreme Court properly granted those branches of the defendants’ separate motions which were to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against each of them on the ground that it was time-barred pursuant to the applicable statute of limitations. The plaintiffs allegations of fraud were based on information which was known or could have been discovered with reasonable diligence within the statutoiy period (see Sargiss v Magarelli, 12 NY3d 527, 531 [2009]; Sielcken-Schwarz v American Factors, Ltd., 265 NY 239, 245-246 [1934]; Vogelgesang v Vogelgesang, 71 AD3d 1132, 1133-1134 [2010]; Von Blomberg v Garis, 44 AD3d 1033 [2007]). Hence, the Supreme Court properly directed the dismissal of the complaint pursuant to CPLR 3211 (a) (5).
The Supreme Court also properly granted those branches of the defendants’ separate motions which were for a permanent injunction enjoining the plaintiff from commencing any further actions or filing any further motions against them relating to the divorce without first obtaining leave of court (see Vogelgesang v Vogelgesang, 71 AD3d at 1134; Mancini v Mancini, 269 AD2d 366 [2000]; Berson v Berson, 265 AD2d 439, 440 [1999]). Similarly, the court properly granted those branches of the defendants’ separate motions which were for an award of counsel fees pursuant to 22 NYCRR 130-1.1 based on conduct of the plaintiff which resulted in unnecessary litigation of issues that had previously been resolved (see Morrissey v Morrissey, 259 AD2d 472 [1999]; Sassower v Signorelli, 99 AD2d 358 [1984]), and which was frivolous and undertaken without legitimate purpose (see Jason v Chusid, 78 NY2d 1099 [1991]; Maroulis v 64th St.-Third Ave. Assoc., 77 NY2d 831 [1991]).
*888 In light of our determination, we need not reach the plaintiffs remaining contentions. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.
Motion by the respondents, inter alia, on appeals from three orders of the Supreme Court, Westchester County, dated March 31, 2011, June 10, 2011, and September 1, 2011, respectively, to dismiss the appeals on the grounds that the appellant’s appendix is inadequate and contains matter dehors the record and that the appellant does not raise any issues in her brief concerning the appeals from the orders dated June 10, 2011, and September 1, 2011, to impose a sanction upon the appellant, and for an award of costs. By decision and order on motion of this Court dated March 22, 2012, those branches of the respondents’ motion which were to dismiss the appeals from the orders dated June 10, 2011, and September 1, 2011, to impose a sanction upon the appellant, and for an award of costs, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
Ordered that the branches of the motion which were to dismiss the appeals from the orders dated June 10, 2011, and September 1, 2011, are denied as academic in light of our determination of the appeals from those orders (see Weissman v Weissman, 103 AD3d 886 [2013] [decided herewith]); and it is further,
Ordered that the branches of the motion which were to impose a sanction upon the appellant and for an award of costs are denied. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.