■ CAROLYN SMITH, Respondent, v LEE SMITH, Appellant. [11 NYS3d 655]—

Appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated June 6, 2013. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss, in effect, the causes of action seeking to set aside the parties' prenuptial agreement, and granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In general, New York has a "strong public policy favoring individuals ordering and deciding their own interests through contractual agreements" (*Matter of Greiff*, 92 NY2d 341, 344 [1998]). "However, this right is not and has never been without limitation" (*Kessler v Kessler*, 33 AD3d 42, 45 [2006]). "An agreement between spouses or prospective spouses should be closely scrutinized, and may be set aside upon a showing that

it is unconscionable, or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse" (*Bibeau v Sudick*, 122 AD3d 652, 654-655 [2014]; *see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Cioffi-Petrakis v Petrakis*, 103 AD3d 766, 767 [2013]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the terms of the prenuptial agreement were manifestly unfair given the nature and magnitude of the rights she waived and in light of the vast disparity in the parties' net worth (*see Petracca v Petracca*, 101 AD3d 695, 698 [2012]). The circumstances surrounding the signing of the agreement support a finding that the unfairness of the agreement was the product of the defendant's overreaching, including that the agreement was presented to the plaintiff two days before the wedding as "take-it or leave-it" when she had already moved in with her children to the marital home. In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's cross motion and denied the defendant's motion. Eng, P.J., Hall, Cohen and Barros, JJ., concur.