■ MARGARET M. HOF, Appellant, v BRUCE L. HOF, Respondent. [16 NYS3d 569]—

Appeals from (1) an order of the Supreme Court, Suffolk County (John B. Collins, J.), dated November 26, 2013, and (2) an order of that court dated January 29, 2014. The order dated November 26, 2013, after a hearing, denied the wife's application to invalidate the parties' prenuptial agreement. The order dated January 29, 2014, insofar as appealed from, awarded the wife pendente lite maintenance in the sum of $1,500 per month, pendente lite child support in the sum of $1,000 per month, and interim attorneys' fees in the sum of $2,500.

Ordered that the order dated November 26, 2013, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 29, 2014, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the wife pendente lite maintenance in the sum of $1,500 per month, and substituting therefor a provision awarding the wife pendente lite maintenance in the sum of $2,549.70 per month, and (2) by deleting the provision thereof awarding the wife interim attorneys' fees in the sum of $2,500, and substituting therefor a provision awarding the wife interim attorneys' fees in the sum of $20,000; as so modified, the order dated January 29, 2014, is affirmed insofar as appealed from, without costs or disbursements.

An agreement between spouses or prospective spouses which is fair on its face will be enforced according to its terms unless

there is proof of fraud, duress, overreaching, or unconscionability (*see Christian v Christian*, 42 NY2d 63, 73 [1977]; *Cioffi-Petrakis v Petrakis*, 103 AD3d 766, 767 [2013]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (*Morad v Morad*, 27 AD3d 626, 627 [2006]). An agreement, however, is not unconscionable "merely because, in retrospect, some of its provisions were improvident or one-sided" (*O'Lear v O'Lear*, 235 AD2d 466, 466 [1997]).

Here, the wife was given the opportunity to present her proof at a hearing, and failed to sustain her burden. As relevant to this appeal, the wife did not demonstrate that the parties' prenuptial agreement was the product of duress or unconscionability (*see Lombardi v Lombardi*, 235 AD2d 400 [1997]). Contrary to the wife's contention, the provision of the agreement which provided that each party would give up a claim to the other party's pension was not unconscionable, and was not necessarily one-sided when it was made, since both parties had accumulated approximately three years in their respective pensions at that time (*see* Domestic Relations Law § 236 [B] [3]). Moreover, the husband's threat to cancel their wedding if the agreement was not signed did not establish duress (*see Weinstein v Weinstein*, 36 AD3d 797, 799 [2007]). Accordingly, the order dated November 26, 2013, which, after a hearing, denied the wife's application to invalidate the prenuptial agreement, must be affirmed.

Domestic Relations Law § 236 (B) (5-a) sets forth formulas for the courts to apply to the parties' reported income in order to determine the presumptively correct award of temporary maintenance (*see Davydova v Sasonov*, 109 AD3d 955 [2013]; *Goncalves v Goncalves*, 105 AD3d 901, 902 [2013]). "[A] court may deviate from the presumptive award if that presumptive award is 'unjust or inappropriate'" (*Goncalves v Goncalves*, 105 AD3d at 902, quoting Domestic Relations Law § 236 [B] [5-a] [e] [2]).

Here, the Supreme Court downwardly deviated from the presumptive award by awarding the wife the sum of only $1,500 per month in pendente lite maintenance. Contrary to the conclusion of the court, the fact that the husband was maintaining the marital residence where he was living after the wife vacated the marital residence with the children, and the fact that the wife stayed home during a portion of the mar-

riage to take care of the children, do not render the presumptive award of pendente lite maintenance unjust or inappropriate. Accordingly, we must modify the award of pendente lite maintenance to provide the wife with the presumptive award of $2,549.70 per month (*see Dunleavy v Dunleavy*, 125 AD3d 832 [2015]), based upon the husband's representation that he had an annual income of $110,020, and the court's deduction of $8,032 for federal insurance contributions act (FICA) taxes.

The Supreme Court awarded the wife pendente lite child support in the sum of $1,000 per month for the parties' youngest child, who has not yet reached the age of 21 years. Contrary to the wife's contention, the court was not required to apply the Child Support Standards Act to determine the award of pendente lite child support (*see* Domestic Relations Law § 240; *Vistocco v Jardine*, 116 AD3d 842, 843 [2014]). Any perceived inequity in the award of pendente lite child support can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Vistocco v Jardine*, 116 AD3d at 843).

With respect to attorneys' fees, the husband is the monied spouse and, thus, there is a rebuttable presumption that the wife is entitled to an award of attorneys' fees (*see* Domestic Relations Law § 237). At the time the wife moved for an award of attorneys' fees, the attorneys' fees she had already incurred amounted to approximately $25,000. The Supreme Court awarded her only $2,500. "Domestic Relations Law § 237 does not provide for an award of counsel fees in actions to enforce or rescind prenuptial agreements" (*Schapiro v Schapiro*, 204 AD2d 87, 88 [1994]; *see Witter v Daire*, 81 AD3d 719 [2011]), and approximately $5,000 of the $25,000 in fees that she actually occurred were attributable to challenging the prenuptial agreement. Therefore, at this juncture, the wife should be awarded interim attorneys' fees in the sum of $20,000, rather than only $2,500.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.