■ EMMANUEL KU, Respondent, v HUEY MIN LEE, Appellant. [54 NYS3d 595]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Paul I. Marx, J.), dated January 9, 2015. The order denied the defendant's motion to invalidate the parties' prenuptial agreement.

Ordered that the order is affirmed, with costs.

In this matrimonial action, the defendant moved to invalidate a prenuptial agreement executed by the parties 10 days before

their wedding in 1998, on grounds of overreaching and duress. In the order appealed from, the Supreme Court denied the defendant's motion, without a hearing. We affirm.

"An agreement between spouses or prospective spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (*Hof v Hof*, 131 AD3d 579, 579-580 [2015]; *see Christian v Christian*, 42 NY2d 63, 73 [1977]; *Cioffi-Petrakis v Petrakis*, 103 AD3d 766, 767 [2013]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (*Morad v Morad*, 27 AD3d 626, 627 [2006]). An agreement, however, is not unconscionable "merely because, in retrospect, some of its provisions were improvident or one-sided" (*O'Lear v O'Lear*, 235 AD2d 466, 466 [1997]). "The burden of proof is on the party seeking to invalidate the agreement" (*Weinstein v Weinstein*, 36 AD3d 797, 798 [2007]; *see Anonymous v Anonymous*, 123 AD3d 581, 582 [2014]; *Matter of Fizzinoglia*, 118 AD3d 994, 996 [2014], *affd* 26 NY3d 1031 [2015]).

Here, in support of her motion, the defendant failed to meet her burden of presenting evidence to establish a basis upon which the prenuptial agreement may be set aside (*see Cohen v Cohen*, 93 AD3d 506, 506 [2012]; *Weinstein v Weinstein*, 36 AD3d at 798-799; *see also Hof v Hof*, 131 AD3d 579 [2015]; *Mesiti v Mongiello*, 84 AD3d 1547, 1549-1550 [2011]). Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion to invalidate the prenuptial agreement. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.