■ NANCYANNE F. HUMES, Appellant, v MICHAEL T. HUMES, Respondent. [64 NYS3d 557]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated June 18, 2015, and (2) a judgment of divorce of that court dated April 4, 2016. The order denied the plaintiff's motion to set aside the parties' separation agreement and for an award of an attorney's fee, and directed the entry of a judgment of divorce which incorporated, but did not merge, the separation agreement. The judgment of divorce, insofar as appealed from, was entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered

on the appeal from the judgment of divorce (*see* CPLR 5501 [a] [1]).

In this matrimonial action, the plaintiff moved to set aside the parties' separation agreement on the grounds of overreaching and fraud, and for an award of an attorney's fee. In an order dated June 18, 2015, the Supreme Court denied the plaintiff's motion and directed the entry of a judgment of divorce which incorporated, but did not merge, the separation agreement. A judgment of divorce was entered upon the order. The plaintiff appeals.

"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (*McKenna v McKenna*, 121 AD3d 864, 865 [2014]; *see Christian v Christian*, 42 NY2d 63, 73 [1977]; *Gardella v Remizov*, 144 AD3d 977, 978-979 [2016]; *Hof v Hof*, 131 AD3d 579, 579-580 [2015]; *Cioffi-Petrakis v Petrakis*, 103 AD3d 766, 767 [2013]). "An agreement, however, is not unconscionable merely because, in retrospect, some of its provisions were improvident or one-sided" (*Ku v Huey Min Lee*, 151 AD3d 1040, 1041 [2017] [internal quotation marks omitted]; *see Label v Label*, 70 AD3d 898, 899 [2010]; *O'Lear v O'Lear*, 235 AD2d 466 [1997]).

Here, the Supreme Court properly denied that branch of the plaintiff's motion which was to set aside the parties' separation agreement, as she failed to demonstrate that the agreement, which was fair on its face, was the result of fraud or overreaching, or any other basis upon which the agreement could be set aside (*see Ku v Huey Min Lee*, 151 AD3d at 1041; *Label v Label*, 70 AD3d at 900).

The Supreme Court also providently exercised its discretion in declining to award the plaintiff an attorney's fee (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Gottlieb v Gottlieb*, 297 AD2d 620 [2002]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.