Tamburello v Tamburello (2018 NY Slip Op 06961)





Tamburello v Tamburello


2018 NY Slip Op 06961


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-04849
 (Index No. 6563/14)

[*1]Frank P. Tamburello, appellant,
v Marivic Suarez Tamburello, respondent.


Schwartz and Rubin Law, PLLC, Bellmore, NY (Scott R. Schwartz and Susan A. Rubin of counsel), for appellant.
Rey Louis P. Trayvilla, Woodside, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Elizabeth A. Anderson, Ct. Atty. Ref.), entered February 22, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated July 27, 2015, failed to impose sanctions against the defendant's attorney pursuant to 22 NYCRR 130-1.1.
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the plaintiff's application to impose sanctions against the defendant's attorney pursuant to 22 NYCRR 130-1.1 is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith and, thereafter, the entry of an appropriate amended judgment of divorce.
The plaintiff and the defendant executed a prenuptial agreement before they married in 2008. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. The plaintiff sought, inter alia, to enforce the prenuptial agreement, including its provision that the parties waived any right to maintenance. Subsequently, the defendant moved, among other things, to set aside the prenuptial agreement based on certain documents, including an "affidavit of support" relating to the defendant's immigration status that the plaintiff filed with the United States Department of Homeland Security. The defendant contended, in effect, that there had been a novation such that the prenuptial agreement had been replaced by the affidavit of support. The plaintiff opposed the motion and cross-moved, in effect, to preclude defendant from seeking to set aside the parties' prenuptial agreement and to impose sanctions in the form of attorneys' fees and expenses against the defendant's attorney pursuant to 22 NYCRR 130-1.1. In an order dated November 21, 2014, the Supreme Court, inter alia, denied, as untimely, that branch of the defendant's motion which was to set aside the prenuptial agreement, granted that branch of the plaintiff's cross motion which was, in effect, to preclude the defendant from seeking to set aside the parties' prenuptial agreement, and denied that branch of the plaintiff's cross motion which was to impose sanctions pursuant to 22 NYCRR 130-1.1, with leave to renew upon trial.
The action proceeded to a nonjury trial. The plaintiff testified in his case in chief. [*2]The defendant's attorney attempted to question the plaintiff about the affidavit of support, arguing, in effect, that the affidavit of support replaced the prenuptial agreement. The Supreme Court ruled that the defendant was precluded from eliciting testimony or presenting evidence intended to show that the prenuptial agreement was invalid. The defendant rested without presenting evidence. The plaintiff made an application to impose sanctions in the form of attorneys' fees and expenses against the defendant's attorney pursuant to 22 NYCRR 130-1.1 and later submitted papers in support of that application.
In a decision dated July 27, 2015, the Supreme Court, inter alia, denied the plaintiff's application to impose sanctions. However, the court recounted that the branch of the defendant's prior motion which was to set aside the prenuptial agreement was untimely made and, further, was procedurally defective because the defendant sought that relief not in a separate plenary action or through an affirmative defense but by way of a motion. The court concluded that even if the defendant's contention that the prenuptial agreement should be set aside were properly before the court, the court would reject that contention since, inter alia, the affidavit of support was not a contract between the plaintiff and the defendant but was instead an obligation between the plaintiff and the United States Government. A judgment of divorce was entered thereafter. The plaintiff appeals from so much of the judgment of divorce as, upon the decision dated July 27, 2015, failed to impose sanctions pursuant to 22 NYCRR 130-1.1 against the defendant's attorney.
"A court may award a party costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct'" (Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d 1124, 1125, quoting 22 NYCRR 130-1.1[a]). "In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (22 NYCRR 130-1.1[a]). "[C]onduct is frivolous if . . . (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]; see Strunk v New York State Bd. of Elections, 126 AD3d 779, 780-781). The decision whether to impose costs or sanctions for frivolous conduct is generally entrusted to the court's sound discretion (see Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 142 AD3d at 1125; Strunk v New York State Bd. of Elections, 126 AD3d at 781).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's application to impose sanctions in the form of attorneys' fees and expenses against the defendant's attorney pursuant to 22 NYCRR 130-1.1. Although "[a]n agreement between spouses or prospective spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability" (Ku v Huey Min Lee, 151 AD3d 1040, 1041 [internal quotation marks omitted]; see Christian v Christian, 42 NY2d 63, 73; Hof v Hof, 131 AD3d 579, 579-580; Cioffi-Petrakis v Petrakis, 103 AD3d 766, 767), the defendant, through her attorney, moved to set aside the prenuptial agreement contending, in effect, that there had been a novation such that the prenuptial agreement had been replaced by the affidavit of support. The defendant's attorney provided no legal authority supporting this contention. Even though the court granted that branch of the plaintiff's cross motion which was, in effect, to preclude the defendant from seeking to set aside the parties' prenuptial agreement, the defendant's attorney later attempted, at the nonjury trial, to question the plaintiff about the affidavit of support, arguing, in effect, that the affidavit of support replaced the prenuptial agreement. The defense then rested without presenting evidence.
The conduct of the defendant's attorney was frivolous within the meaning of 22 NYCRR 130-1.1(c). The defendant's attorney continued to advance his contention relating to the affidavit of support, which was completely without merit in law, in contravention of the Supreme Court's prior ruling. Moreover, that contention could not be supported by a reasonable argument for an extension, modification, or reversal of existing law, and the conduct of the defendant's attorney appears to have been undertaken primarily to delay or prolong the resolution of the litigation [*3](see Weissman v Weissman, 103 AD3d 886, 887; 47 Thames Realty, LLC v Robinson, 85 AD3d 851, 852-853; Mascia v Maresco, 39 AD3d 504, 505). Accordingly, we remit this matter to the Supreme Court, Queens County, for a determination of the appropriate amount of the attorneys' fees and expenses to be awarded to the plaintiff (see Duval v Duval, 85 AD3d 1096, 1097).
We decline the defendant's request to impose sanctions against the plaintiff's attorney in connection with this appeal (see 22 NYCRR 130-1.1).
The defendant's remaining contention is not properly before this Court, as the defendant did not cross-appeal from the judgment of divorce.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court