Barone v Barone (2021 NY Slip Op 06338)





Barone v Barone


2021 NY Slip Op 06338


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-03256
 (Index No. 16075/14)

[*1]Annette Barone, appellant,
v
John L. Barone, respondent.


Annette Barone, Islip Terrace, NY, appellant pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Suffolk County (David T. Reilly, J.), entered February 8, 2017. The judgment of divorce, insofar as appealed from, upon an order of the same court dated January 30, 2017, denying the plaintiff's motion, in effect, to vacate the parties' stipulation of settlement, incorporated but did not merge the stipulation of settlement into the judgment of divorce, and thereupon, inter alia, directed the defendant to pay certain maintenance to the plaintiff.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant were married in 1989 and have two children, both of whom are emancipated. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. On February 8, 2016, the parties, each represented by counsel, entered into a comprehensive stipulation of settlement (hereinafter the stipulation), whereby, among other things, they agreed that the defendant would pay certain maintenance to the plaintiff.
On or about September 29, 2016, the plaintiff moved, in effect, to vacate the stipulation. In an order dated January 30, 2017, the Supreme Court denied the plaintiff's motion. On February 8, 2017, the court entered a judgment of divorce which, among other things, incorporated but did not merge the stipulation, and thereupon directed the defendant to pay certain maintenance to the plaintiff. The plaintiff appeals.
"'Marital settlement agreements are judicially favored and are not to be easily set aside'" (Glover v Glover, 137 AD3d 745, 746, quoting Simkin v Blank, 19 NY3d 46, 52). "'A stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Cohen v Cohen, 170 AD3d 948, 949, quoting Sanfilippo v Sanfilippo, 137 AD3d 773, 774; see Many v Many, 165 AD3d 911, 912).
"'An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the [*2]judgment of any person of common sense'" (Ku v Huey Min Lee, 151 AD3d 1040, 1041, quoting Morad v Morad, 27 AD3d 626, 627). "An agreement, however, is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Ku v Huey Min Lee, 151 AD3d at 1041, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Here, the terms of the stipulation were not so unfair as to shock the conscience and confound the judgment of any person of common sense.
Moreover, the plaintiff failed to meet her burden of showing that she lacked the capacity to enter into the stipulation (see Adsit v Wal-Mart Stores, Inc., 79 AD3d 1168, 1169). As the party asserting incapacity to enter into the stipulation, the plaintiff was required to show that her "mind was 'so affected as to render [her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction'" (Sears v First Pioneer Farm Credit, ACA, 46 AD3d 1282, 1284-1285, quoting Aldrich v Bailey, 132 NY 85, 89; see Whitehead v Town House Equities, Ltd., 8 AD3d 367, 369). The plaintiff's assertions that she was "very confused" when she signed the stipulation, that she had experienced a "breakdown" in 2011, and that she had received treatment from a doctor and a therapist were insufficient to sustain her claim of incapacity (see Valsamos v Valsamos, 136 AD3d 625, 626).
"'A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his [or her] free will'" (Shah v Mitra, 171 AD3d 971, 976, quoting Austin Instrument v Loral Corp., 29 NY2d 124, 130). To rescind an agreement on the ground of overreaching, a plaintiff must demonstrate both overreaching and unfairness (see Levine v Levine, 56 NY2d 42, 47; Jon v Jon, 123 AD3d 979, 979-980). "'Courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching'" (Jon v Jon, 123 AD3d at 980, quoting Kerr v Kerr, 8 AD3d 626, 627 [emphasis omitted]). "However, generally, if the execution of the agreement is fair, no further inquiry will be made" (Jon v Jon, 123 AD3d at 980). Applying these principles here, the plaintiff also failed to meet her burden of demonstrating that the stipulation was the result of duress or overreaching.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, to vacate the stipulation (see Bohner v Bohner, 186 AD3d 1481, 1482).
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court