Forman v Forman (2022 NY Slip Op 06913)

Forman v Forman

2022 NY Slip Op 06913

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-01378
 (Index No. 926/15)

[*1]Donna Forman, appellant, 
v
Dennis Forman, respondent.

The Edelsteins, Faegenburg & Brown LLP, New York, NY (Adam J. Edelstein of counsel), for appellant.
Campagna Johnson Mady, P.C. (Thomas K. Campagna and Picarello & Saciolo, P.C., Islandia, NY [Nicholas E. Arazoza], of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated April 2, 2019, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated September 12, 2019. The order, insofar as appealed from, denied the plaintiff's motion to vacate the judgment of divorce and to set aside the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and granted that branch of the defendant's cross motion which was for an award of attorney's fees to the extent of awarding the defendant attorney's fees in the sum of $6,987.50.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action for a divorce and ancillary relief in January 2015. On November 7, 2018, the parties entered into a stipulation of settlement (hereinafter the stipulation), whereby, among other things, the defendant agreed to pay certain maintenance to the plaintiff and to make equitable distribution payments to the plaintiff totaling approximately $6,000,000 over a period of approximately eight years. The stipulation was incorporated but not merged into a judgment of divorce dated April 2, 2019. In June 2019, the plaintiff moved to vacate the judgment of divorce and to set aside the stipulation. The defendant opposed the motion and cross-moved, inter alia, for an award of attorney's fees. By order dated September 12, 2019, the Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the defendant's cross motion to the extent of awarding the defendant attorney's fees in the sum of $6,987.50. The plaintiff appeals.
The plaintiff's motion to vacate the judgment of divorce and to set aside the stipulation was properly denied. "'Marital settlement agreements are judicially favored and are not to be easily set aside'" (Barone v Barone, 199 AD3d 875, 876; quoting Glover v Glover, 137 AD3d 745, 746). "'A stipulation of settlement entered into by parties to a divorce proceeding that is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability'" (Barone v Barone, 199 AD3d at 876, quoting Cohen v Cohen, 170 AD3d 948, 949; see Sanfilippo v Sanfilippo, 137 AD3d 773, 774). "'An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest [*2]and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense'" (Barone v Barone, 199 AD3d at 876, quoting Ku v Huey Min Lee, 151 AD3d 1040, 1041; see Morad v Morad, 27 AD3d 626, 627). "An agreement, however, is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Ku v Huey Min Lee, 151 AD3d at 1041, quoting O'Lear v O'Lear, 235 AD2d 466, 466). Here, the terms of the stipulation were not so unfair as to shock the conscience and confound the judgment of any person of common sense.
"'A contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his [or her] free will'" (Shah v Mitra, 171 AD3d 971, 976, quoting Austin Instrument v Loral Corp., 29 NY2d 124, 130). "To rescind an agreement on the ground of overreaching, a plaintiff must demonstrate both overreaching and unfairness" (Barone v Barone, 199 AD3d at 876; see Levine v Levine, 56 NY2d 42, 47; Jon v Jon, 123 AD3d 979, 979-980). "'Courts may examine the terms of the agreement as well as the surrounding circumstances to ascertain whether there has been overreaching'" (Jon v Jon, 123 AD3d at 980, quoting Kerr v Kerr, 8 AD3d 626, 627). "However, generally, if the execution of the agreement is fair, no further inquiry will be made" (Jon v Jon, 123 AD3d at 980). "No actual fraud needs to be shown in order to set aside an agreement, but 'the challenging party must show overreaching in the execution, such as the concealment of facts, misrepresentation, cunning, cheating, sharp practice, or some other form of deception'" (Marinakis v Marinakis, 196 AD3d 472, 474, quoting Gottlieb v Gottlieb, 138 AD3d 30, 37). Applying these principles here, the plaintiff failed to meet her burden of demonstrating that the stipulation was the result of duress or overreaching.
The plaintiff's claim that she was of diminished capacity when she executed the stipulation is unsupported by evidentiary facts in admissible form (see Valsamos v Valsamos, 136 AD3d 625, 626; Mohrmann v Lynch-Mohrmann; 24 AD3d 735, 736; Bergen v Bergen, 299 AD2d 308, 309; Torsiello v Torsiello, 188 AD2d 523, 524).
Moreover, by accepting the benefits of the stipulation for a period of more than seven months, the plaintiff ratified the agreement (see Korngold v Korngold, 26 AD3d 358, 359). "A party who 'accepts the benefits provided under a[n] agreement for any considerable period of time' is deemed to have ratified the agreement and thus, 'relinquishes the right to challenge the agreement'" (Rio v Rio, 110 AD3d 1051, 1054, quoting Wasserman v Wasserman, 217 AD2d 544, 544; see Brennan v Brennan, 305 AD2d 524, 525; Torsiello v Torsiello, 188 AD2d at 524).
Finally, the Supreme Court did not improvidently exercise its discretion in awarding the defendant attorney's fees. The award of reasonable attorney's fees is a matter in the court's sound discretion, and the court may consider, inter alia, a party's tactics that unnecessarily prolonged the litigation (see Cravo v Diegel, 163 AD3d 920, 923; Meara v Meara, 104 AD3d 916, 917; Quinn v Quinn, 73 AD3d 887, 887). While the plaintiff here is the less monied spouse, the court's award reflects consideration of the relevant factors, including that the plaintiff's conduct resulted in unnecessary litigation. Thus, the court did not improvidently exercise its discretion in granting that branch of the defendant's cross motion which was for an award of attorney's fees to the extent of awarding him attorney's fees in the sum of $6,987.50.
The defendant's remaining contention is improperly raised for the first time on appeal (see New York Brooklyn Wholesale Ctr., Inc. v Xiaoli Sun, 172 AD3d 1389, 1391).
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court