Wells Fargo Bank, N.A. v Garland (2023 NY Slip Op 04462)

Wells Fargo Bank, N.A. v Garland

2023 NY Slip Op 04462

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-05466
 (Index No. 704149/18)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Darren Garland, et al., defendants, Dawn Ortiz, appellant.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dawn Ortiz appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered July 16, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dawn Ortiz and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 9, 2006, Darren Garland (hereinafter the borrower) executed a note in the amount of $314,500 in favor of Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on certain real property located in Queens.
In March 2018, the plaintiff, Fremont's successor in interest, commenced the instant action to foreclose the mortgage against the borrower and the defendant Dawn Ortiz (hereinafter the defendant), among others. The complaint alleged that the defendant had some interest in or lien upon the property. The plaintiff submitted a certificate of merit with the complaint, to which the plaintiff attached a copy of the note. The borrower and the defendant interposed an answer, asserting various affirmative defenses, including lack of standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. In [*2]an order entered July 16, 2021, the Supreme Court, inter alia, granted those branches of the motion and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "[I]n order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Citibank, N.A. v Potente, 210 AD3d 861, 862). Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261).
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching a copy of the properly endorsed note to the complaint when commencing the action (see U.S. Bank, N.A. v Hadar, 206 AD3d 688, 689; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
Here, contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff established its standing. "[S]ince the certificate of merit, to which a copy of the note was attached, was filed together with the summons and complaint, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note when it commenced the action" (Deutsche Bank National Trust Co. v Bowens, 181 AD3d 871, 873). In opposition, the defendant failed to raise a triable issue of fact.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court