Bank of N.Y. Mellon v Celestin (2026 NY Slip Op 00113)

Bank of N.Y. Mellon v Celestin

2026 NY Slip Op 00113

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-03475
 (Index No. 33248/15)

[*1]Bank of New York Mellon, etc., respondent, 
vMona Celestin, et al., defendants, Alberte Laguerre, appellant.

Alberte Laguerre, Spring Valley, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Mary Curry of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alberte Laguerre appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 15, 2023. The order and judgment of foreclosure and sale, upon an order of the same court dated March 25, 2022, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Alberte Laguerre and denying that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her for lack of standing, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In July 2015, the plaintiff commenced this action against, among others, the defendants Mona Celestin and Alberte Laguerre (hereinafter the appellant) to foreclose a mortgage on certain real property located in Spring Valley. The appellant answered the complaint. In November 2021, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellant. The appellant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her for lack of standing. By order dated March 25, 2022, the Supreme Court, among other things, granted that branch of the plaintiff's motion and denied the appellant's cross-motion. Thereafter, by order and judgment of foreclosure and sale dated March 15, 2023, the court granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. This appeal ensued.
Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to summary judgment on the complaint (see Wells Fargo Bank, N.A. v Garland, 219 AD3d 962, 963). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (id.; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law [*2]on the complaint insofar as asserted against the appellant by producing a copy of a stipulation that Celestin and the plaintiff entered into in 2008, and under which the appellant made payments to the plaintiff (see Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 734). The stipulation stated, in relevant part, that the plaintiff "is the current holder of said note and mortgage." Although Celestin entered into the stipulation, the appellant ratified same and expressly acknowledged the plaintiff's status as the holder of the subject note by making monthly installment payments thereunder, prior to the commencement of this action (see generally Forman v Forman, 211 AD3d 698, 700; Wells Fargo Bank, N.A. v Graffioli, 167 AD3d 969, 971). Additionally, the Supreme Court properly, in effect, deemed the facts in the plaintiff's statement of material facts as admitted (see 22 NYCRR former 202.8-g; cf. Taveras v Incorporated Vil. of Freeport, 225 AD3d 822, 823; McCarthy v Town of Massena, N.Y. [Massena Mem. Hosp.], 218 AD3d 1082, 1085). Therefore, contrary to the appellant's contention, under the particular circumstances of this case, the plaintiff established its standing to maintain this action. Since, in opposition to the motion, the appellant failed to raise a triable issue of fact as to the plaintiff's standing, the court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant. For the same reasons, the court properly denied the appellant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her for lack of standing.
In light of our determination, the parties' remaining contentions are academic.
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court